FILED
JUL 14 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD HALFENGER AND
ASSOCIATES, INC., a California
corporation,

    Plaintiff,

v.    2:04CV1467

UNIONCARE, INC., a Maryland
corporation,

    Defendant.

CASE CLOSED

CASE NUMBER 1:05CV01404
JUDGE: John D. Bates
DECK TYPE: Contract
DATE STAMP: 07/14/2005

### MEMORANDUM AND ORDER OF COURT

Richard Halfenger and Associates, Inc. ("RHA"), commenced this action for breach of contract pursuant to diversity of citizenship. Presently before the court is defendant's motion to transfer the action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion will be granted.

Plaintiff is a California corporation. Defendant is a Maryland corporation. Defendant is registered to do business in Pennsylvania.

On December 31, 2001, the parties entered into an independent contractor agreement whereby plaintiff agreed to procure individual life, health, long-term care and disability income insurance policies on behalf of defendant and its parent corporation. The services were to be provided principally by Richard Halfenger ("Halfenger"), who is now deceased. Defendant regularly reimbursed Halfenger for travel expenses incurred in performing the agreement. It also allegedly agreed to pay additional incentive compensation as well as certain travel fares and lodging expenses. Plaintiff avers that defendant has failed and refused to provide an accounting of the premiums generated for 2002 and 2003. It also allegedly has refused to pay the incentive income and requested reimbursement for travel fares and lodging expenses recently submitted on RHA's behalf.

Defendant seeks to transfer venue to the United States District Court for the District of Columbia on the grounds that neither party resides in Pennsylvania, RHA does not maintain an office in Pennsylvania, all of defendant's witnesses and documents are located in the District of Columbia or close by in Maryland, no conduct forming the basis for plaintiff's claim of breach occurred in this district, and the agreement at issue is governed by District of Columbia law. Plaintiff opposes the motion because defendant is subject to jurisdiction in this district, plaintiff's witnesses either live in or do business within this district and thus it will be more convenient for those witnesses and plaintiff's counsel to proceed in this district. In addition, plaintiff maintains that its records are currently located in this district and defendant will have the option of producing its records where ever they are maintained.

In considering a § 1404(a) motion to transfer, the first step is to determine whether the action "might have been brought" in the transferee forum. The transferor court must determine whether plaintiff has an unqualified right to commence the action in the transferee district and whether the transferee forum has the power to exercise personal jurisdiction over all defendants. Camasso v. Dorado Beach Hotel Corp., 689 F. Supp. 384, 386 (D. Del. 1988) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)). Plaintiff concedes that the action could have been filed in the United States District Court for the District of Columbia and it would have jurisdiction over the matter and both parties. Thus, jurisdiction and venue have been established in the District of Columbia and the action could have been filed there.

In assessing a § 1404(a) motion there is no precise limit on the number of factors the court may consider. The analysis is flexible and must be guided by the facts and circumstances of the case. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249-50 (1981); Van Dusen v. Barrack, 376 U.S. 612, 623 (1964); Sandvic, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D. N.J. 1998). All relevant factors are to be considered in determining whether on balance the litigation would more conveniently proceed and the interests of justice would be better served by the

requested transfer to a different forum. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The moving party has the burden of submitting adequate information to justify the transfer. American Tel. & Tel. Co. v. MCI Communication Corp., 736 F. Supp. 1294, 1306-07 (D. N.J. 1990). In submitting adequate data of record to support the transfer, the moving party is required to address the relevant private and public interest factors at issue. The private interest factors include: (1) plaintiff's choice of forum, (2) ease of access to sources of proof, (3) costs involved in obtaining the attendance of willing witnesses, (4) compulsory process for unwilling witnesses, (5) practical problems that make a trial easy, expeditious and inexpensive and (6) the convenience of the parties. Public interests factors are: (1) congestion of court dockets, (2) choice of law considerations and (3) community interests in having a dispute resolved in a local forum. See Gulf Oil Corp. v. Gilbert, 303 U.S. 501, 508-09 (1947); Jumara, 55 F.3d at 879; Luca Oil Drilling Co. v. Gulf Oil Corp., 593 F. Supp. 1198, 1200 (W.D. Pa. 1984).

The first step in analyzing the private interest factors is to determine the proper weight to be accorded to the plaintiff's choice of forum. Where the plaintiff has chosen a legally correct forum which is the forum of the plaintiff's residence, there is a strong presumption in favor of the plaintiff's choice which should not be lightly disturbed. Shutte v. Armco Steel Co., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). However, where none of the conduct complained of occurred in plaintiff's chosen forum, plaintiff's choice is entitled to less deference. See Bartolacci v. Corp. of Presiding Bishop of Church of Jesus Christ of Later-Day Saints, 476 F. Supp. 381, 383 (E.D. Pa. 1979). Here, plaintiff does not reside in this district and plaintiff has not identified any alleged wrongful conduct that occurred in this district. For these reasons, RHA's choice of a forum is not entitled to a strong presumption in its favor.

The other relevant factors also must be examined to determine if the convenience of the parties and witnesses, together with the interest of justice, warrant transfer. Luca Oil, 593 F. Supp. at 1200 (citing Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1045-46

(3d Cir. 1973)). With regard to the access to sources of proof, it appears that the majority of witnesses that will be involved in resolving the parties' dispute are located in or near the District of Columbia. It also appears that defendant's documents evidencing the negotiation process primarily are located in the District of Columbia. The agreement was administered by defendant at that location and it maintains its books and records in that district. It has no books or records in this district.

Furthermore, it appears that the defendant's employees who are knowledgeable about the instant dispute work in the District of Columbia or nearby Silverspring, Maryland. Plaintiff does not have any employees that work in the Western District of Pennsylvania and merely notes that some of its employees either reside in the Western District or do business within this district. Thus, when considered on balance it appears that litigating the matter in the District of Columbia will be more convenient and less expensive for the parties' employees who will be required to provide testimony to resolve the instant dispute.

In addition, the record indicates that very little of the underlying business occurred in this district. A preliminary review of defendant's records reveal that Halfenger spent over one hundred nights in the District of Columbia in 2003, while only spending two nights in Pittsburgh, Pennsylvania, during the same period of time. Thus, this aspect of the record also weighs in favor of defendant's motion to transfer.

The need for compulsory process also is an important consideration in deciding transfer motions. Rowles v. Hammermill Paper Co. Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988). Defendant has not identified any unwilling witnesses. Nevertheless, it is clear that this district would not likely have compulsory process over any former employees or third parties who may have information concerning the negotiation process or Halfenger's general performance of the agreement.

All of the above factors discussed weigh in favor of transfer. Taken as a whole, they established that litigating the action in the District of Columbia will assist in resolving any

practical problems that may arise. Taking into the account the interests of everyone affected, a transfer will make the trial easier, more expeditious and less expensive.

The public interest factors also weight in favor of transfer. First, the parties have not presented any evidence of record that suggests that this action would be disrupted or proceed more slowly in the District of Columbia. Furthermore, judicial preparations and efforts are a factor to be considered. Kirschner Brothers Oil, Inc., v. Pannill, 697 F. Supp. 804, 806 (D. Del. 1988). Because of the relatively short period of time the instant action has been on this court's docket and the lack of any formal development of the record, a transfer will not significantly disrupt the litigation or result in a waste of judicial resources. In addition, to the extent there is a forum connected to the instant controversy, it appears to be the District of Columbia. Finally, the District of Columbia has at least an equal community interest in adjudicating this matter, particularly where the parties have agreed to the application of that jurisdiction's substantive law.

Although plaintiff's choice of forum is entitled to some deference in the present action, a balancing of all the appropriate factors raised by the parties' submissions indicates that defendant has carried its burden of establishing that the convenience of the parties and the interests of justice warrant a transfer of this action to the United States District Court for the District of Columbia. Accordingly, the following order is appropriate.

**ORDER OF COURT**

AND NOW, this 30th day of June, 2005, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. No. 3), be, and the same hereby is, **granted.** The Clerk of Court shall transfer venue of this action to the United States District Court for the District of Columbia forthwith.

_____
David Stewart Cercone
United States District Judge

CERTIFIED FROM THE RECORD
Date 7/5/2005
ROBERT V. BARTH, JR., CLERK
By _____
Deputy Clerk

5

cc:   Donald J. Balsley, Jr., Esquire
      525 Smithfield Street
      Suite 619
      Pittsburgh, PA 15222


      Ronald G. Backer, Esquire
      Rothman Gordon, P.C.
      Third Floor, Grant Street
      Pittsburgh, PA 15219

      Nicholas T. Christakos, Esquire
      Gail L. Westover, Esquire
      Sutherland Asbill & Brennan LLP
      1275 Pennsylvania Avenue, NW
      Washington, DC 20004-2415